IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
AT ALBUQUERQUE NM

JUN 2 8 2000

ROBERT M. MARCH
CLERK

LESLIE-LE-ROY: JONES,

    Petitioner,

v.

No. CIV-00-0814 LH/KBM

VICTORIA J. GRANT, Metropolitan Court Judge;
JERRY GALVAN, Chief of Police for the City of Albuquerque;
BRIAN C. WICKETTS, Police Officer, City of Albuquerque;
JEFF ROMERO, Bernalillo County District Attorney;
B. A. CHAVEZ, Metropolitan Court Chief Clerk;
J. CASAUS, Metropolitan Court Clerk;
GORDON EDEN, Director Motor Vehicle Division,
New Mexico Taxation and Revenue Dept.,

    Respondents,

    and

PATRICIA A. MADRID, Attorney General for the State of New Mexico;

    Additional Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte* for preliminary consideration of Applicant's application for writ of habeas corpus. Rule 4(b) Governing Section 2254 Cases. The application will be dismissed with prejudice for lack of subject matter jurisdiction. 28 U.S.C. § 2254(a).

Applicant seeks relief from a state agency's administrative suspension of his New Mexico driver's license and from warrants issued upon his failure to appear for hearings in the metropolitan court in Albuquerque, New Mexico. Although Applicant is not incarcerated, he asserts he is in constructive custody for purposes of habeas corpus jurisdiction. Conversely, he claims he is not required to exhaust available state court remedies because his custody does not result from a state court



judgment. He further asserts that state court remedies are unavailable and exhaustion would be futile.

Applicant's allegations do not make a showing that Applicant is "in custody," and thus the Court does not have subject matter jurisdiction of the application. 28 U.S.C. 2254(a). Suspension or revocation of a driver's license does not amount to "the sort of ' "severe[] restraint on individual liberty" for which habeas corpus relief is reserved.' " *Lillios v. New Hampshire*, 788 F.2d 60, 61 (1st Cir. 1986) (citations omitted); *Westberry v. Keith*, 434 F.2d 623, 624-25 (5th Cir. 1970). Furthermore, the warrants that were issued as a result of Applicant's failure to appear do not pose a sufficiently severe restraint on Applicant's liberty to warrant habeas relief. *Hayes v. Maynard*, No. 91-5083, 1991 WL 240112 (10th Cir. 1991) (citing with approval *Spring v. Caldwell*, 692 F.2d 994, 999 (5th Cir.1982) (petitioner subject to arrest warrant for willful refusal to pay fine is not in custody)). Applicant is not entitled to relief, Rule 4(b), and the application will be dismissed.

IT IS THEREFORE ORDERED that Applicant's application for writ of habeas corpus is DISMISSED with prejudice, and this proceeding is DISMISSED.

UNITED STATES DISTRICT JUDGE

2